UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendant. | Civil Action No. 11-cv-1312 (RLW) |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff Neighborhood Assistance Corporation of America's ("NACA") Motion for Limited Expedited Discovery (Docket No. 5) in advance of a hearing on its Motion for Preliminary Injunction. For the following reasons, Plaintiff's Motion is GRANTED.

NACA has asserted Fifth Amendment and Administrative Procedure Act claims against Defendant U.S. Department of Housing and Urban Development ("HUD") in connection with HUD's recent passage of a licensing regulation, 24 C.F.R. § 3400.103. NACA alleges that this regulation is cumbersome and is targeted solely at NACA in bad faith and in retaliation for NACA's public criticism of the Obama administration. In its Complaint, NACA sets forth specific allegations reflecting that, after NACA began to criticize the administration, NACA was subjected to an extensive HUD audit which ultimately found no wrongdoing on NACA's part. Through the affidavit of NACA's CEO Bruce Marks, NACA sets forth details of statements made by auditors and HUD officials reflecting that HUD was targeting NACA and that for two years "people at HUD have been trying to find things on NACA." Marks Aff. ¶ 21. The audit

and these statements, according to NACA, were made leading up to the adoption of the licensing regulation.

In support of its claim of bad faith or retaliation, NACA seeks to depose four individuals who had dealings with NACA during or after the audit or who were involved with the adoption of Section 3400.103(e)(7), the specific HUD regulation that NACA is challenging. NACA has named three specific deponents, and also has asked for the a 30(b)(6) deposition of the HUD official most familiar with the adoption of Section 3400.103.

HUD argues, and this Court agrees, that federal courts are ordinarily not allowed to supplement an administrative record in deciding whether an agency violated the APA. HUD concedes, however, that there are certain circumstances in which a Plaintiff in an APA case may supplement the record with discovery. Opp. at 7. One of those circumstances is where there is a strong showing of bad faith or improper behavior on the part of the agency. See Eugene Burger Management Corp. v. United States Dep't of Housing and Urban Dev., 192 F.R.D. 1, 12 (D.D.C. 1999) (quoting Saratoga Dev. Corp. v. United States, 21 F.3d 445, 458 (D.C. Cir. 1994)) (stating that one of the two circumstances in which discovery in an APA case is permitted is where there has been "a strong showing of bad faith or improper behavior so that without discovery the administrative record cannot be trusted."); see also Tummino v. Von Eschenbach, 427 F. Supp. 2d 212, 230-31 (E.D.N.Y. 2006) (stating that despite the general "record rule" governing judicial review of agency action, an extra-record investigation by the reviewing court may be appropriate where there has been a strong preliminary showing of bad faith or improper behavior on the part of the agency); Preserve Endangered Areas of Cobb's History v. U.S. Army Corps of Eng'rs, 87 F.3d 1242, 1246-47 n.1 (11th Cir. 1996).

Based on the specific allegations set forth in NACA's papers and under oath in the Marks Affidavit, NACA has made a strong preliminary showing that the agency acted improperly or in bad faith toward NACA leading up to and possibly in connection with the adoption of Section 3400.103(e)(7). In its Opposition, HUD neither squarely addresses NACA's factual showing of bad faith nor argues that it would be prejudiced by being required to sit for the depositions. The Court finds, therefore, good cause to allow limited discovery in advance of the hearing on NACA's Motion for Preliminary Injunction. NACA will be restricted to a total of two hours each for the depositions of Motulski, Stevens and Roman, and a total of three hours for the deposition of HUD's 30(b)(6) designee.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Expedited Discovery is GRANTED. An order accompanies this Memorandum.


Date: August 17, 2011  /s/
ROBERT L. WILKINS
United States District Judge